IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

LIBERTY MUTUAL INSURANCE          *
COMPANY,                          *
                                  *
        Plaintiff,                *
                                  *
        v.                        *
                                  *
CALVIN R. SCHULTE, BLAINE N.      *          CV 623-060
MORRIS, CHRISTOPHER JAMES         *
GODFREY, PI KAPPA PHI             *
FRATERNITY – GAMMA KAPPA, PI      *
KAPPA PHI FRATERNITY, SOUTHERN    *
GREEK HOUSING CORPORATION,        *
                                  *
        Defendants.               *

---

**O R D E R**

---

Presently pending before the Court are Plaintiff's motion for judgment on the pleadings (Doc. 36) and motion to dismiss Defendant Southern Greek Housing Corporation ("SGHC") from this matter without prejudice (Doc. 40). For the following reasons, Plaintiff's motions are **GRANTED.**

## I. BACKGROUND

This case arises out of an altercation in which Defendant Calvin Schulte punched Defendant Blaine Morris in the face. (Doc. 36-1, at 1; Doc. 1-1, at 6.) The altercation occurred in the early morning hours of November 1, 2020, outside of the Pi Kappa Phi fraternity house at Georgia Southern University. (Doc. 36-1, at

3; Doc. 1-1, at 3-4.)  Defendant Morris was standing outside of the house when Defendant Schulte, a member of the Pi Kappa Phi fraternity, "aggressively questioned" why Defendant Morris was there; taunted and verbally harassed Defendant Morris; and eventually "blind sided [Defendant Morris] with a punch to the left side of his face," knocking him unconscious.  (Doc. 1-1, at 5-6.)  As a result of this altercation, Defendant Schulte pled guilty to aggravated battery and on July 25, 2022, Defendant Morris brought a civil action against Defendant Schulte for relief relating to the injuries sustained in the altercation (the "Underlying Suit").  (Id., at 2; Doc. 46, at 1-2.)

At the time of the altercation Defendant Schulte was insured by Plaintiff through a renter's insurance policy, Policy no. H41-251-779528-40 0 5 (the "Policy").  (Doc. 36-1, at 5; Doc. 1-1, at 34-35.)  Relevant to this action, the Policy provides coverage for any "occurrence," defined as "an accident . . . which results in: (1) bodily injury; or (2) property damage; during the policy period."  (Doc. 1-1, at 41, 52.)  The Policy goes on to explicitly exclude coverage for bodily injury "expected or intended by any insured or which is the foreseeable result of an act or omission intended by any insured"; bodily injury "which results from violation of criminal law committed by, or with the knowledge or consent of any insured"; and bodily injury "which arises out of physical or mental abuse."  (Doc. 1-1, at 53, 55.)  Additionally,

2

the Policy provides certain liability conditions with which the insured must comply, including notice requirements. (Doc. 1-1, at 58-60.)

On August 22, 2022, pursuant to the Policy, Defendant Schulte notified Plaintiff of the claim giving rise to the Underlying Suit. (Doc. 36-1, at 5.) In response, on August 26, 2022, Plaintiff sent Defendant Schulte a reservation of its rights to deny coverage on various grounds including that the loss involved was not covered by the Policy; arose out of an intentional act, physical or mental abuse, and a criminal act; and was not timely reported to Plaintiff. (Doc. 1-1, at 29, 31.) Subsequently, Plaintiff undertook providing Defendant Schulte with a defense in the Underlying Suit as set out in the reservation of rights. (Doc. 1-1, at 29-32; Doc. 36-1, at 5.) On October 24, 2023, while the Underlying Suit was pending in the Superior Court of Gwinnett County, Plaintiff brought this action seeking declaratory judgment to "discern the rights and obligations" it owes to Defendant Schulte under the Policy for injuries incurred as a result of the November 30, 2020 altercation. (Doc. 1, at 1.)

On July 25, 2024, Plaintiff filed the pending motion for judgment on the pleadings. (Doc. 36.) Defendant Morris responded in opposition (doc. 46), Plaintiff replied in support (doc. 50), and Defendant Morris responded again in opposition (doc. 52). No other defendant in the present action has filed a response to

Plaintiff's motion.  Additionally, on August 9, 2024, Plaintiff filed a consent motion to dismiss Defendant SGHC as a party to this matter.  (Doc. 40.)  The Parties presently represent the Underlying Suit is ongoing with no pending trial date.  (Doc. 54, at 2.)  As such, both motions are now ripe for consideration.

## II. CONSENT MOTION TO DISMISS

Plaintiff moves to voluntarily dismiss Defendant SGHC from this action pursuant to Federal Rule of Civil Procedure 21.  (Doc. 40, at 1-2.)  As a general matter, Rule 21 governs misjoinder and nonjoinder of parties, stating, in relevant part, "[T]he court may at any time, on just terms, add or drop a party."  FED. R. CIV. P. 21.  Alternatively, Rule 41 governs voluntary dismissals of actions, including dismissals against less than all parties.  FED. R. CIV. P. 41(a); Jackson v. Equifax Info. Servs., LLC, No. CV 119-096, 2020 WL 476698, at *2 (S.D. Ga. Jan. 29, 2020).  Plaintiff brings its motion under Rule 21; however, Plaintiff refers to the motion as a voluntary dismissal and offers no argument suggesting misjoinder.  (Doc. 40, at 1-2.)  While there is no language within Rule 21 that limits Rule 21's application to a specific situation, its primary use by courts has been to drop a dispensable, nondiverse party to preserve diversity jurisdiction.  Fritz v. Am. Home Shield Corp., 751 F.2d 1152, 1154 (11th Cir. 1985).  In the case at hand there is no indication that Defendant SGHC poses any

4

threat to diversity jurisdiction. (See Doc. 1, at 2-5; Doc. 40.) Thus, in exercising its discretion, the Court follows several other district courts in the Eleventh Circuit in finding Rule 41 more appropriate given the context and construing the motion as one for dismissal under Rule 41. See, e.g., MSP Recovery Claims Series, LLC v. Integon Nat'l Ins. Co., No. 20-24051-CIV, 2021 WL 9950753, at *3 (S.D. Fla. Dec. 7, 2021) (finding "Rule 41 to be the more appropriate vehicle for dismissal" when Plaintiffs offered no arguments supporting misjoinder); Walker v. Allamanda Invs., LLC, No. 620-CV-1149-22EJK, 2020 WL 6385438, at *1 (M.D. Fla. Oct. 8, 2020).

Further, despite it being titled a "[c]onsent [m]otion," the Court finds dismissal proper under Rule 41(a)(2) rather than Rule 41(a)(1)(A)(ii), the latter governing jointly filed stipulations of dismissal and requiring the signatures of "all parties" who have appeared. FED. R. CIV. P. 41 (emphasis added). Under Rule 41(a)(2), a more flexible avenue for dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Id. Because Defendant SGHC consents to its dismissal (doc. 40, at 3), and no other party objects to the motion, the Court finds the terms of dismissal proper and **GRANTS** Plaintiff's request. Defendant SGHC is dismissed as a party to this action pursuant to Federal Rule of Civil Procedure 41(a)(2).

### III. MOTION FOR JUDGMENT ON THE PLEADINGS

The Court next turns to Plaintiff's motion for judgment on the pleadings against the remaining defendants. (Doc. 36.)

**A. Legal Standard**

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c).  "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." Cunningham v. Dist. Att'y's Off. for Escambia Cnty., 592 F.3d 1237, 1255 (11th Cir. 2010) (citation omitted).  "The legal standards applicable to Federal Rule of Civil Procedure 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss are the same." Marshall v. Safeco Ins. Co. of Ind., No. CV 112-113, 2013 WL 12155468, at *1 (S.D. Ga. Apr. 16, 2013) (citing Roma Outdoor Creations, Inc. v. City of Cumming, 558 F. Supp. 2d 1283, 1284 (N.D. Ga. 2008)).  Therefore, when considering a motion for judgment on the pleadings, the Court must "accept as true all material facts alleged in the non-moving party's pleading[] and . . . view those facts in the light most favorable to the non-moving party." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014).

**B.  Discussion**

Plaintiff argues it is entitled to judgment on the pleadings based on various clauses in the Policy.  (Doc. 36-1, at 9-21.)  In response, Defendant Morris argues that Plaintiff is estopped from seeking declaratory relief for several reasons and that Plaintiff's arguments regarding the Policy exceptions are unavailing.[1]  (Doc 46, at 3-14; Doc. 52.)  The Court first addresses whether it may consider evidence offered outside of the pleadings, and then addresses the merits of the motion.

### 1. Consideration of Exhibits & Evidence Outside the Pleadings

As a general matter, in considering a motion for judgment on the pleadings, the Court must consider only the pleadings and any exhibits attached thereto.  Baker v. City of Madison, Ala., 67 F.4th 1268, 1276 (11th Cir. 2023) (citation omitted).  "If the parties present, and the court considers, evidence outside the pleadings, the motion to dismiss generally must be converted into a motion for summary judgment."  Id.  However, there are two exceptions to this general rule: the incorporation by reference doctrine and judicial notice.  Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007).  Under the incorporation by

---

[1] Defendant Morris also argues the declaratory judgment action is "effectively moot and must be dismissed" because the Underlying Suit was set for trial prior to this motion being ripe for review.  (Doc. 52, at 1-2.)  However, since this assertion the Parties have filed a joint status report representing that the Underlying Suit has not yet gone to trial, nor is it scheduled for trial.  (Doc. 54.)  Thus, the Court does not address the merits of this assertion as it is no longer an accurate representation of the posture of the Underlying Suit.

reference doctrine, a court may consider documents that are referenced in the complaint, central to the claim, and whose authenticity is unchallenged. Baker, 67 F.4th at 1276 (citations omitted). Under judicial notice, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b).

As an initial matter the Court addresses whether the exhibits attached to Plaintiff's complaint may be considered. These exhibits consist of the Policy, the reservation of rights sent by Plaintiff, and the complaint and answer in the Underlying Suit. (Doc. 1-1.) The Court first notes the attached exhibits are incorporated by reference throughout Petitioner's complaint. (See Doc. 1.) Further, in insurance coverage matters such as this one, when the relevant policies and pleadings in the underlying action are attached to the complaint and no party disputes their relevance or accuracy the Court may consider them in deciding a motion for judgment on the pleadings. Nationwide Prop. & Cas. Co. v. O'Neill, No. 3:13-cv-47, 2013 WL 5972471, at *1 (M.D. Ga. Nov. 8, 2013). No party disputes the applicability of these exhibits to the present action, nor does any party dispute their authenticity. Therefore, the Court may consider the exhibits attached to

8

Plaintiff's complaint in deciding Plaintiff's motion for judgment on the pleadings.

Defendant Morris also asks the Court to consider several pieces of evidence outside the pleadings in ruling on Plaintiff's motion. (Doc. 46, at 4-5.) First, Defendant Morris asks the Court to consider a check issued from Plaintiff to Defendant Morris (id.), arguing it falls within both the incorporation by reference and the judicial notice exceptions. (Id., at 4-5.) Defendant Morris asserts the check should be considered in deciding the motion because Plaintiff has admitted liability "by way of issuing policy-limit checks." (Id. at 5.) Plaintiff opposes the consideration of the check, arguing both that it is impermissible as a matter outside of the pleadings and that it is inadmissible evidence of settlement negotiations. (Doc. 50, at 4-5.) It is well-established that evidence of settlement offers is inadmissible to prove the validity of underlying claims under both Federal Rule of Evidence 408 and the Official Code of Georgia section 33-24-40. See Morrissey v. United States, 871 F.3d 1260, 1271 (11th Cir. 2017) ("Of course, courts don't consider settlements as evidence of the validity of underlying claims . . . ."). Thus, the Court will not consider the check (doc. 46-1) as proof of Plaintiff's liability in deciding Plaintiff's motion.

9

Additionally, Defendant Morris asks the Court to consider cover pages of hearings from the criminal proceedings against Defendant Schulte. (Doc. 46, at 5; Doc. 46-2; Doc. 46-3.) Plaintiff opposes their admission as matters outside of the pleadings. (Doc. 50, at 1.) Nonetheless, the validity of cover sheets for hearings held in a court of law may be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned," making judicial notice proper. FED. R. EVID. 201(b). Further, the Court finds the cover sheets fall within the incorporation by reference doctrine. Plaintiff references the underlying criminal action and guilty plea in its complaint (doc. 1, at 9-10); the guilty plea is central to one of Plaintiff's exclusion claims (doc. 36-1, at 18-19); and Petitioner does not question the authenticity of the cover sheets. See Baker, 67 F.4th at 1276. Thus, the Court may consider the cover sheets (doc. 46-2, doc. 46-3) in ruling on Plaintiff's motion without the motion being converted into a motion for summary judgment. Baker, 67 F.4th at 1276 ("There are two exceptions to th[e] conversion rule: (1) the incorporation-by-reference doctrine and (2) judicial notice.").

### 2. Mandatory Prerequisites Under Georgia Law

Defendant Morris asserts Plaintiff is further estopped from seeking declaratory judgment because "P[laintiff]'s alleged reservation of rights letter fails to comply with the requirements

of Georgia law." (Doc. 46, at 5.) Specifically, Defendant Morris argues that Plaintiff failed to "seek immediate declaratory relief including a stay of the main case." (Doc. 46, at 8-9.)

Under Georgia law, "[a] proper and safe course of action for an insurer [who seeks to relieve itself of its obligation to provide a defense when there is doubt as to the policy's coverage] is to enter upon a defense under a reservation of rights and then proceed to seek a declaratory judgment in its favor." Richmond v. Ga. Farm Bureau Mut. Ins. Co., 231 S.E.2d 245, 247 (1976) (citations omitted). Importantly,

> [u]pon learning of facts reasonably putting it on notice that there may be grounds for noncoverage and *where the insured refuses to consent* to a defense under a reservation of rights, the insurer must thereupon (a) give the insured proper unilateral notice of its reservation of rights, (b) take necessary steps to prevent the main case from going into default or to prevent the insured from being otherwise prejudiced, and (c) seek immediate declaratory relief including a stay of the main case pending final resolution of the declaratory judgment action.

Id. at 248 (emphasis added). However, the immediacy requirements enumerated in Richmond do not govern situations where an insured consents, "[a]nd an insured's consent can be implied by the insured permitting the insurer to provide a defense in the underlying lawsuit." Auto-Owners Ins. Co. v. Minor, No. 1:10-CV-03019, 2012 WL 13005360, at *8 (N.D. Ga. Feb. 10, 2012) (citing State Farm Mut. Auto. Ins. Co. v. Anderson, 123 S.E.2d 191, 193 (Ga. Ct. App. 1961)).

11

Plaintiff asserts Defendant Schulte's consent to the reservation of rights can be implied from it providing him a defense in the Underlying Suit because he "never protested or otherwise made any effort to disallow" Plaintiff doing so. (Doc. 50, at 10.) While Defendant Morris admits throughout his pleadings that Plaintiff is providing Defendant Schulte's defense in the Underlying Suit, Defendant Schulte does not admit this fact in his answer. (See Doc. 46, at 7; Doc. 24, ¶ 64.) Therefore, construing the pleadings in the non-moving parties' favor, the Court will not base its conclusions off this assertion alone.

Nevertheless, even assuming the requirements set forth in Richmond apply, the insured must show actual prejudice for an insurer to be estopped from seeking declaratory judgment of its rights and obligations. Minor, 2012 WL 13005360, at *8; S. Gen. Ins. Co. v. Buck, 413 S.E.2d 481, 482-83 (Ga. Ct. App. 1991). Defendant Morris argues the insured has "clearly been prejudiced by his insurer's lack of diligence in responding to a demand," suggesting it was imprudent for Plaintiff to refuse a settlement demand. (Doc. 46, at 8.) However, as previously noted, "courts don't consider settlements [or related conduct and statements] as evidence of the validity of underlying claims." Morrissey, 871 F.3d at 1271; FED. R. EVID. 408(a)(2).

Defendant Morris also contends the insured is prejudiced because Plaintiff is "trying to completely cast him aside"; is

"pulling the rug out from under Schulte's feet mere weeks before his trial"; and is "not actively participat[ing] in the underlying litigation." (Doc. 46, at 8; Doc. 52, at 4.)  However, since these assertions, the Parties have jointly represented that trial in the Underlying Suit was continued, a new date will not be set until next year, and there is a pending discovery dispute in the Underlying Suit.  (Doc. 54, at 1-2.)  Because these more recent updates directly negate Defendant Morris's prior representations, the Court finds Defendant Morris's assertions are no longer meritorious.  Further, Defendant Schulte, the insured in this action, does not assert he has suffered any prejudice, nor has he filed any responses opposing the present motion.  This leaves Plaintiff's alleged delay in seeking declaratory relief as the sole grounds for finding prejudice, and such delay is not in and of itself sufficient to find actual prejudice.  See Buck, 413 S.E.2d at 482-83 (concluding an insurer did not waive its right to seek declaratory relief because there was no showing of prejudice by the insured despite a fourteen-month delay in seeking declaratory relief); Minor, 2012 WL 13005360, at *8 (finding no actual prejudice to the insured despite the insurer's fourteen-month delay in seeking declaratory relief and failure to file an answer in the underlying action).  Therefore, the Court finds Plaintiff is not estopped from seeking declaratory judgment because no actual prejudice to the insured has been shown.

### 3. Policy Exclusions

Because the Court concludes Plaintiff is not estopped from seeking declaratory relief of its rights and obligations, it now considers Plaintiff's arguments in favor of granting such relief. Plaintiff contends it is entitled to judgment on the pleadings for multiple reasons. (Doc. 36-1, at 9-21.) The Court addresses its arguments below.

Plaintiff argues the claim is not an "occurrence" as defined in the Policy because the altercation was not an "accident" under Georgia law. (Id. at 9-14.) Defendant Morris argues the altercation falls within the definition of "accident" because Defendant Schulte did not "act with the intent to intentionally cause an injury." (Doc. 46, at 11.) In the context of insurance contracts, Georgia case law defines "accident" as "an event which takes place without one's foresight or expectation or design." Centennial Ins. Co. v. Johnson, No. 1:07-CV-1885-MHS, 2008 WL 11336791, at *2 (N.D. Ga. Oct. 28, 2008) (citing Ga. Farm Bureau Mut. Ins. Co. v. Hall, 586 S.E.2d 715, 717 (Ga. Ct. App. 2003)); see also Meritplan Ins. Co. v. Leverette, 552 F. App'x. 900, 901-902 (11th Cir. 2014) (holding actions taken during a physical fight were not accidental). Further, "where an unusual or unexpected result occurs, by reason of the doing of an intentional act, with no mischance, slip, or mishap occurring in doing the act itself, the ensuing injury or death is not caused by accidental means."

Johnson, 2008 WL 11336791, at *3 (quoting Winters v. Reliance Standard Life Ins. Co., 433 S.E.2d 363, 364 (Ga. Ct. App. 1993)).

In Johnson, the Court held striking somebody in the face with a closed fist after asking them to leave the property did not constitute an accident, and that the resulting injuries were not caused by accidental means. Id. at *2-3. The facts of the present case are on all fours with those in Johnson. It is undisputed that Defendant Schulte approached Defendant Morris and punched him in the face after asking him to leave the area. (Doc. 36-1, at 12; Doc. 24, ¶ 27.) Even more so, it is undisputed that Defendant Schulte taunted and made derogatory comments to Defendant Morris for some time leading up to the punch. (Doc. 1-1, at 5.) The fact that the resulting injuries may have been more severe than anticipated does not negate that the act itself was not accidental. Johnson, 2008 WL 11336791, at *3. Thus, the actions underlying the claim here, like those in Johnson, were not an "accident" and therefore fall outside the scope of the Policy's coverage.

Nevertheless, both out of an abundance of caution and because Defendant Morris seems to treat Plaintiff's first two grounds for relief as one in his response in opposition, the Court addresses whether the claim falls within the Policy's "expected or intended" injury exclusion. (See Doc. 46, at 10-11.) Under Georgia law, as a general rule, expected or intended policy exclusions "do not exclude coverage where the insured commits an intentional act but

15

does not expect or intend that his act will cause injury." Kennedy v. State Farm Fire & Cas. Co., 738 F. Supp. 511, 513 (S.D. Ga. 1990) (emphasis and citations omitted), aff'd sub nom. Kennedy v. State Farm Fire & Cas., 914 F.2d 269 (11th Cir. 1990); see, e.g., Colonial Penn Ins. Co. v. Hart, 291 S.E.2d 410, 413 (Ga. Ct. App. 1982) (holding the evidence presented a jury question when the insured shot the plaintiff but claimed to intend only a warning shot). However, whether it can be found as a matter of law that the insured intended injury turns on the type and degree of force used by the insured. Kennedy, 738 F. Supp. at 514 (citation omitted). In making this inquiry, "it is whole irrelevant whether the actual, resulting injury is different either in kind or magnitude from that intended or expected." Id. at 515 (internal quotations and citation omitted).

Defendant Morris argues the "expected or intended" exclusion does not apply here because Defendant Schulte did not "act with the intent to cause the severe injuries sustained by respondent," nor did he have "substantial certainty" of the resulting injuries. (Doc. 46, at 11.) However, Georgia case law has held punching another in the face, even with just one blow, "cannot reasonably be viewed as consistent with the absence of any intention on [ the insured's] part to cause injury." Kennedy, 738 F. Supp. at 514 (emphasis omitted); Johnson, 2008 WL 11336791, at *5.

16

Like the insured individuals in <u>Kennedy</u> and <u>Johnson</u>, Defendant Schulte's anger leading up to striking Defendant Morris is clear from the undisputed facts – he asked Defendant Morris to leave, taunted and harassed Defendant Morris when he refused to do so, and then struck Defendant Morris with enough force to knock him to the ground. (Doc. 36-1, at 3-4.) Further, Defendant Schulte pled guilty to aggravated battery, an intent crime, and admitted the relevant facts underlying the plea in his answer to the present action. (Doc. 24, ¶¶ 27, 31, 34, 46.) Thus, the Court finds the claim falls within the Policy's expected or intended injury exclusion.

Because the Court concludes that the altercation giving rise to this claim does not fall within the Policy's coverage for "occurrence[s]" and that, even if it did, the claim would fall within the Policy's coverage exclusion for injuries that are "expected or intended," the Court finds the altercation and related claim fall outside the scope of the Policy. As such, the Court need not rule on the alternative arguments for exclusion presented by Plaintiff. Based on the foregoing, Plaintiff's motion for judgment on the pleadings is **GRANTED**.

## IV. CONCLUSION

Upon due consideration, the Court **GRANTS** Plaintiff's motion for judgment on the pleadings (doc. 36) and motion to dismiss

17

Defendant SSGHC from this matter without prejudice (doc. 40). The **CLERK** is **DIRECTED** to **ENTER JUDGMENT** in favor of Plaintiff, **TERMINATE** all other pending motions, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 20th day of December, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA